IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 1:23-cr-00388 RDM |
| vs. | ) ) |
| JASON W. WALLIS, | ) ) |
| Defendant. | ) ) ) |

**MOTION FOR DETENTION HEARING**

Comes now, Defendant, Jason WALLIS, by and through counsel, and hereby respectfully requests this Court grant him a detention hearing pursuant to 18 U.S.C. § 3145(b).[1] In support of this request, Defendant states as follows:

1. Mr. Wallis, like many others, is charged by indictment with offenses related to events at the United States Capitol on January 6, 2021.

2. The Government's motion for detention, originally filed in the United States District Court for the Eastern District of Missouri, acknowledges this matter is not one with a rebuttable presumption of detention. Instead, the United States' outlines the factors any court must weigh when determining whether to order a defendant detained pending trial. Specifically, the nature and circumstances of the offense charged, the weight of the evidence, the criminal

---

[1] 18 U.S.C. § 3145(b) permits the review of a detention order by this Court if an individual is ordered detained by a magistrate judge or by a person other than a judge of a court having original jurisdiction over the offense, both of which apply here.

history of the person and what danger would be posed by his release to the community.  Doc #4 4:23-mj-02188 JSD (USDC- EDMO).

3. While the Government's motion proceeds to outline purported conduct both of Mr. Wallis and his codefendant, Jared Owens, much of the discussion tracks evenly for both until the discussion of entering the Capitol building itself.  As to Mr. Wallis, all that is provided is he, "entered the U.S. Capitol at approximately 2:46 p.m. through the Senate Fire Door.  At approximately 3:07 p.m., WALLIS exited the U.S. Capitol through a door on the North side of the Capitol."  Id. at p. 4 ¶ 7.

4. The Government's motion for detention accurately acknowledges Mr. Wallis has no prior criminal history.  However, it then spends pages listing prior contact with law enforcement that never resulted in charges being filed much less any conviction.  The motion concludes by detailing that, while Mr. Wallis was in the U.S. Army and stationed in Hawaii, he "was charged with multiple traffic offenses in 1996-1997."  Id. at p. 4-6.

5. Conversely, facts offered by the Government in its reply to Mr. Owens' motion for bond outlined a significant divergence between the actions of Mr. Wallis and Mr. Owens on January 6th.  "Owens wore a helmet, goggles, and a face gaiter."  Doc. 22, p. 2.  Pictures within the reply brief then show a person, claimed to be Owens, dressed as stated.  There is no mention of Mr. Wallis possessing any similar gear.

6. Moreover, a detailed account of an encounter it is claimed Mr. Owens had with a U.S. Capitol Police officer is provided.  According to the Government, Mr. Owens and the officer struggled with the officer striking Owens repeatedly until handcuffing him.  Thereafter, the officer located a knife is Owens' front pocket.  Oddly, it concludes that, "Officer D.T. put the knife in Owens' backpack, took Owens to an exit, removed Owens from handcuffs, and sent him through the Senate Carriage Door."  Doc. 22, p. 7.

7. Between both filings by the Government, neither mention any similar actions attributed to Mr. Wallis.

8. The Government's response also references text messages, claimed to have been sent by Owens, suggesting he intended the actions attributed to him and that he planned to return should a similar situation present itself.  Id. at 8.

9. Thereafter, the United States discusses Mr. Owens' prior criminal history, history of alcohol and substance abuse as well as a history of committing criminal activity while under supervision.  Id. at 10.

10. As mentioned, Mr. Wallis has no criminal history of any kind.  He has no substance abuse issues either and, obviously, has never been under supervision.

11. Instead, Mr. Wallis lives a calm life with his long-term paramour in a home they have been building themselves, a home put on hold while Mr. Wallis remains incarcerated.

12. Overall, the United States never offers any reason for this Court to believe Mr. Wallis is a threat to the community, ostensibly because any such claim would fail. Law enforcement have known Mr. Wallis' identity since 2021. Since that time, they have also known where he lived. Law enforcement even contacted Mr. Wallis in 2021 at his home concerning this matter, but nothing happened thereafter until now. Any argument now that Mr. Wallis is a threat to the community falls flat as the United States did not hold that opinion in the years leading up to this indictment or they would have acted on it.

13. While each case is different and each person charged is as well, Mr. Wallis and Mr. Owens are charged together. While both men came from Missouri, the story of their actions on January 6th is not similar. Moreover, individually, the two have also had very different lives. While Mr. Owens has a criminal history and substance abuse concerns as outlined at length by the Government, Mr. Wallis has some neighbor disputes and some traffic tickets.

14. Finally, as to any claim Mr. Wallis could be a flight risk, not only did the Government know where Mr. Wallis lived in 2021 but, when he was charged in this matter, nearly three years later, Mr. Wallis was located immediately and was arrested without incident. Throughout the years between January 6, 2021, and the date of his arrest, Mr. Wallis was keenly aware that the Government could file charges against him. He did not flee or hide then, and he is not a risk to do so now.

WHEREFORE, Defendant WALLIS respectfully requests a detention hearing before this Court wherein he may present additional details not known or available to counsel at the time of his initial detention hearing and where conditions or a combination of conditions can be ascertained that will allow Mr. Wallis to be released while this matter is pending.

Respectfully submitted,
GOLDFARB LAW GROUP, L.L.C.

By: /s/ Jeffrey A. Goldfarb
Jeffrey A. Goldfarb,#MO0026 / 45091MO
222 South Meramec, Suite 203
St. Louis, Missouri 63105
Office: 314-266-9999
Cell:    314-229-1028
Fax:    314-897-5737
Jeff@314law.com

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was forwarded via automatic operation of the Court's electronic filing system on 1/10/24 to all parties.

By:   /s/ Jeffrey A. Goldfarb